## McCLINTOCK v. FROHLICH.

Opinion delivered April 15, 1905.

1. MOTION FOR NEW TRIAL—ASSIGNMENT OF ERROR.—A motion for new trial on the ground "that the court erred in admitting evidence on the part of the defendant, which was excepted to at the time by the plaintiffs," without naming the witness or pointing out the evidence, is too general, and does not present any question for consideration. (Page 113.)

2. SAME.—A general assignment in the motion for new trial that the verdict of the jury was contrary to law does not present for con-

sideration the rulings of the trial judge in giving or refusing instructions asked.   (Page 113.)

3.   Verdict—conclusiveness.—A verdict will not be disturbed merely because the appellate court differs with the jury as to the preponderance of the testimony.   (Page 113.)

Appeal from Prairie Circuit Court.

George M.. Chapline, Judge.

Affirmed.

### STATEMENT BY THE COURT.

McClintock & Lankford sued Frohlich for $100 for professional services which they alleged they had rendered him under employment by him in the spring of 1900.   The defendant answered, denying the employment, and saying that, if plaintiffs rendered any service, it was without being employed, and it was without his knowledge or consent.   There was a trial of the case, Lankford testifying that he was employed by Frohlich, and Frohlich testifying that he did not employ him, and testifying further that the first he ever heard of a fee being charged or expected was a number of months after the occurrence.

There was a verdict and judgment for the defendant.   Thereafter plaintiffs filed a motion for a new trial on the following grounds:

"1.   That the court erred in admitting evidence on the part of the defendant, which was excepted to at the time by the plaintiffs.

"2.   That the court erred in excluding  certain  evidence offered by the plaintiffs and objected to by the defendant.   To the ruling of the court in excluding said evidence plaintiffs at the time excepted, and their exceptions were overruled by the court.

"3.   Because the verdict is contrary to the evidence.

"4.   Because the verdict of the jury is contrary to the law.

"5.   Because the verdict of the jury is contrary to the law and the evidence.

"6.   Because the court erred in instructing the jury as follows, over the objections of the plaintiffs, towit:"

*Trimble, Robinson & Trimble,* for appellants.

The verdict was against the evidence. Kirby's Dig. § 6215; Hayne, New Trial & App. § 288; 51 Cal. 371; 10 Ark. 138; 13 Ark. 71; 33 Ark. 651; 34 Ark. 632; 65 Ark. 278; 67 Ark. 538; 51 Ark. 467; 26 Ark. 309. The verdict is contrary to law. 2 Ark. 370; 19 Ark. 371; 49 Ark. 188; 58 Ark. 348; 81 N. C. 674; 44 Mo. 20; 44 La. Ann. 726; 18 Ark. 521; 9 Ark. 212; 13 Ark. 317.

*J. H. Harrod,* for appellee.

The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Kirby's Dig. § 3107.

Wood, J., (after stating the facts.) Appellant urges that the court erred in admitting the testimony of witness Wickwine. But appellant does not preserve his objection to the testimony of this witness, either by naming the witness or pointing out the evidence in his motion for a new trial. His objection to the admission of testimony in motion for new trial is of the most general character, and does not present any question for our consideration. This court in *Edmonds* v. *State,* 34 Ark. 720, held that "a general assignment in a motion for new trial that the court erred in admitting or excluding evidence points to nothing, and is too indefinite."

The general assignment in the motion for new trial that the verdict of the jury was contrary to the law does not present for our consideration the rulings of the trial judge on the prayers for instructions which were granted or refused.

Assuming, therefore, that the jury was properly instructed, which we must do, there is nothing before us save the question as to whether or not the evidence is sufficient to uphold the verdict. We have carefully considered it, and, while we may differ with the jury in its conclusion as to the weight and effect of the evidence, that is a matter peculiarly within its province to decide; and, since there is evidence legally sufficient to sustain the verdict, we cannot disturb it, according to numerous decisions of this

court. *St. Louis Southwestern Ry. Co.* v. *Byrne,* 73 Ark. 377, and cases cited.

Affirmed.