CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*

STANFORD.

Opinion delivered November 25, 1907.

1. APPEAL—CONCLUSIVENESS OF VERDICT.—A verdict based upon conflicting evidence is conclusive. (Page 408.)

2. EVIDENCE—COMPETENCY.—Where it was an issue whether a certain stopping place on a railroad was a regular or a flag station, evidence that from ten to one hundred passengers daily used the station, that hacks regularly attended the trains, and that the land upon which the station was situated had been deeded to appellant's predecessor for a station, was competent as tending to prove that the station was a regular one. (Page 408.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

*Buzbee & Hicks* and *George B. Pugh,* for appellant.

1. This was a flag station, and under the circumstances of this case the appellant was under no obligation to keep a comfortably heated waiting room for passengers. Compare Kirby's Digest, § 6634, with Ky. Stat. § 784. 102 Ky. 300; 2 Hutchinson on Car., § 920; 9 So. 349; 30 S. W. 1122; 46 S. E. 71.

2. It was error to permit appellee to testify that appellant, after the institution of this suit, put a stove in its waiting room at Lawrence. 1 Elliott on Ev. § 186.

*Wood & Henderson,* for appellee.

The evidence clearly contradicts appellant's contention that this was a mere flag station, and establishes the fact that it had long been used and recognized as a regular passenger depot. Such being the case, it was appellant's duty under the statute, and independently thereof, to furnish the facilities for the protection and comfort of its passengers required by law. Kirby's Digest, § 6634; 3 Thomp. Neg., § 2547; *Id.* §§ 2678, 2683; 70 Ark. 140; 46 S. E. 71; 30 S. W. 720; 15 S. W. 43.

HILL, C. J. Stanford went from Hot Springs to Lawrence station, on the line of appellant railroad company, six miles distant from Hot Springs; and, desiring to return therefrom, went to the station five or ten minutes before time for the train to arrive. He was unable to get any information as to when the train would come, and waited an hour or two for it. It was the 20th of December, and the weather had turned cold during the day. There was a house at the station owned by the railroad company, used as a section house; and there is a controversy as to whether it was used as a station house. One of the rooms, which had been used as a negro waiting room, was open, but there was no fire therein. It was occupied by some negroes, who were waiting for the train. The room which had been used as a white waiting room was closed. Stanford and others made a fire near the station house, and tried to make themselves comfortable; but he got wet and contracted pneumonia from his exposure. The testimony connecting the pneumonia with the exposure is as definite as that in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Hook,* 83 Ark. 584. In fact, this is not the ground of contention here. The question in this case is, whether the station of Lawrence was a flag station or a regular station. The court gave certain instructions as to the duty of a carrier to provide stational facilities at its stations; and certain instructions were given at the instance of the appellant presenting its contentions if Lawrence was a flag station.

Appellant begins its argument by stating: "The uncontra- dicted testimony in this case shows that Lawrence was a mere flag station on the road of appellant." In this the appellant errs. The testimony of Stanford (and other witnesses sub- stantially to the same effect) is that all the regular passenger trains passing Lawrence stopped at this station regularly for the purpose of taking on and discharging passengers, and the only trains which did not stop there were the fast trains carrying guests to Hot Springs. On the other hand, the appellant has testimony tending to prove that this building was originally built as a station house, and was many years ago used as such, but that for some twenty years or more it had not been so used, and was only opened now and then for the accommoda- tion of the people waiting for trains; and that Lawrence was only a flag station. The verdict of the jury amounts to finding that it was a regular station, and not a flag station, and the argument based on the duty, or want of duty, to furnish stational facilities at flag stations is academic.

There was testimony adduced showing that from ten to one hundred passengers were daily using the station at Law- rence; that hacks from the hotel at Potash Sulphur Springs, about a mile distant, regularly attended the trains; and that a deed to the appellant's predecessor had been made to the tract of land for a station, to be known as Lawrence station, and di- recting that the depot be on the north side of the railroad track. It is contended that this testimony is incompetent; that its ten- dency was to show that there should have been a regular sta- tion there at the time complained of, but not that there was one. The complaint alleged that there was a station building in use at Lawrence, which allegation the answer denied; and thus an issue of fact was developed in the pleadings, and it was fairly competent to introduce testimony as to the passenger business handled there, as tending to prove whether it was really a regular station or whether it was merely a flag station. While this testimony is not very material, yet it was competent as tend- ing to prove the truth of the controversy.

Objection is also made as to Stanford testifying that, after suit was brought, the railroad company put a stove in the sta- tion house, as well as a water cooler, and that it kept water

therein. This was brought out in answer to a question asking what he knew of the station being lighted and heated prior to the occurrence in question. Immediately on this answer coming in, his counsel told him he did not want any thing after the occurrence, and to confine his answer to the question. No objection was then made to this testimony. Had the attention of the court been called to it, he would doubtless have emphasized what counsel had said, and told the jury not to consider the statements made by witness in this regard.

Judgment is affirmed.