SHAUFELBERGER *v*. MATTIX.

Opinion delivered January 27, 1908.

REAL ESTATE BROKER—COMMISSIONS.—Where there was substantial evidence tending to prove that appellant agreed to pay appellee a commission if he showed appellant's land to any one who bought the land, a verdict against appellant will not be disturbed, even though the preponderance of the evidence is against it.

Appeal from Craighead Circuit Court; *Allen Hughes,* Judge; affirmed.

*Chas. D. Frierson,* for appellant.

1. The verdict is so clearly against the weight of evidence as to shock a sense of justice; and, since this court has uniformly held that it is its duty to see that there is no miscarriage of justice, this verdict should be set aside. 34 Ark. 632 and cases cited; 70 Ark. 386; 14 Enc. Pl. & Pr. 776 *et seq.*

2. The court should have granted a new trial because of newly discovered evidence. It was not cumulative, for no other witness testified to the same facts, and it would have thrown an entirely new light on the case. 1 Jones, Ev. § 7; 14 Enc. Pl. & Pr. 814, 815; *Id.* 819; 86 Tex. 447; 29 Ky. L. R. 306; 17 Am. Dec. 349; 65 Atl. 553; 122 Ill. App. 542; 93 S. W. 10; Even though cumulative, newly discovered evidence which makes that certain which was before doubtful, or shows that injustice has been done, will justify a new trial, even when such evidence is the admission of a party. 16 Am. Dec. 729; 14 L. R. A. 609, note; 14 Enc. Pl. & Pr. 820. Even when not justified by the strict letter of the rule, the court may, in order to prevent a miscarriage of justice, grant a new trial for newly discovered evidence. 104 N. W. 969; 69 Ark. 545; 66 Ark. 612.

*Lamb & Caraway,* for appellee.

1. Clearly the verdict can not be disturbed for the reasons assigned by appellant. The question is not upon which side the evidence preponderates, but whether the evidence is legally sufficient to sustain the verdict. 76 Ark. 368; *Id.* 115; 75 Ark. 260; *Id.* 111; 74 Ark. 478; 67 Ark. 399; 70 Ark. 136; 67 Ark. 534; 65 Ark. 116; *Id.* 255; 72 Ark. 582; 73 Ark. 77.

2 In order to obtain a new trial on the ground of newly discovered evidence, such evidence must not only be not cumulative, but such as would, if offered, have probably produced a different verdict. 15 Ark. 395; 25 Ark. 89. Newly discovered evidence that would merely tend to contradict evidence given at the trial is no ground for a new trial. 40 Ark. 45; 36 Ark. 260; 28 Ark. 531; 38 Ark. 498; 39 Ark. 221; 47 Ark. 196; 55 Ark. 324; 45 Ark. 328.

McCulloch, J. This is an action brought by appellee to recover of appellant a sum of money alleged to be due for commission on sale of land. The only question presented here is whether or not the evidence is sufficient to sustain the verdict,

and whether the trial court erred in refusing to grant appellant a new trial on account of newly discovered evidence.

Appellee testified that appellant agreed to pay him a commission if he sold appellant's land or sent him a buyer or showed the land to any one who did buy it. This was denied by appellant, who testified he did no more than agree to pay a commission to appellee or anyone else who sold the land for him. Appellee did not sell the land, nor was he the "procuring cause" of a sale thereof, but he showed the land to one who purchased through a real estate agent to whom a commission was paid by appellant. It may be quite unusual for an agreement to be made such as appellee claims that appellant made with him with reference to the sale of the land; but appellee testified to it as a fact, and the jury accepted the testimony as true, though it was against the preponderance of the evidence.

·This court has often said that the verdict of a jury which is supported by substantial evidence will not be disturbed here, even though the preponderance of the evidence is against it. The cases are so numerous that citation is unnecessary. Such is the status of the case before us now. We cannot usurp the province of the jury merely because it appears to us that the finding was against the weight of the evidence.

The case went to the jury upon instructions, the correctness of which is not challenged, and upon evidence which, if believed to be true, is sufficient to sustain the verdict, so our duty to leave the verdict undisturbed is plain.

The after-discovered evidence was merely cumulative, and· we can not say that it was error for the court to refuse a new trial on account of it.

Affirmed.