AYER & LORD TIE COMPANY *v.* MARTIN.

Opinion delivered March 29, 1909.

1.  CONTRACT—SUFFICIENCY OF PERFORMANCE.—Where, by the terms of a contract, defendant was to furnish skidways on which plaintiff was to place logs hauled by him, and defendant failed to furnish such skidway facilities, plaintiff was justified in placing the logs hauled by him for defendant on the ground, and is entitled to recover therefor. (Page 102.)

2.  VERDICT—CONFLICTING EVIDENCE.—A verdict based upon substantial but conflicting evidence will not be disturbed. (Page 103.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Thomas & Lee,* for appellant.

1.  The verdict is not supported by the evidence. 37 Ark. 164.

2.  When there is a conflict in the testimony of witnesses who are alike unimpeached and have equal opportunities of obtaining information, etc., the testimony of the greater number will prevail. 20 Ark. 600.

3.  Plaintiff violated his contract and cannot recover. 61 Ark. 61; *7 Id.* 130; *38 Id.* 178; *2 Id.* 370; *38 Id.* 102; *19 Id.* 262; *65 Id.* 320; *75 Id.* 89.

*Manning & Emerson,* for appellee.

The court's charge is without objection. This court will not disturb a verdict legally sustained by the evidence. 85 Ark. 193; *84 Id.* 406; *76 Id.* 326; *75 Id.* 260, 111; *73 Id.* 377; *70 Id.* 136, 512; *67 Id.* 433, 531; *47 Id.* 61; *51 Id.* 324.

FRAUENTHAL, J. The appellant, who was the defendant in the lower court, was engaged in the railway tie business, and in August, 1907, entered into a verbal contract with the plaintiff by which it employed the plaintiff to cut its timber into 16-foot logs, and haul same to a certain mill and there unload them on a skidway, which defendant agreed to prepare and furnish for the reception of the logs; and plaintiff was to saw the logs so placed on the skidway into logs of 8 foot lengths; and for all this work defendant was to pay plaintiff five dollars per thousand feet. In preparation for and in pursuance of the performance of the con-

tract, plaintiff opened a camp and employed timber cutters and had three teamsters and teams in the camp. The defendant, in pursuance of its part of the contract, had a skidway built at the mill where the logs were to be delivered. The plaintiff proceeded to cut and haul the logs and placed same on the skidway until the skidway was entirely filled with logs. These logs so placed on the skidway amounted to about 35,000 feet, and were sawed by plaintiff into logs of eight-foot lengths. The defendant did not remove these logs from the skidway, and did not build additional skidways; and, the plaintiff continuing to haul logs and the defendant failing to furnish further skidway facilities for the reception of the same, the plaintiff began piling the logs on the ground. During the time he was piling the logs on the ground, he spoke to the agent of defendant about it and called his attention to the fact of there not being room on the skidway for the logs, and that he could not afford to pay for placing them on the skidway after unloading them on the ground; and he was told by defendant's agent to go on with the hauling, and that defendant would do what was right about putting the logs on the skids. The plaintiff continued to cut and haul logs of the length of 16 feet to the amount of 68,000 feet, and unloaded them on the ground. These, with the 35,000 feet which had been unloaded on the skids and sawed into lengths of 8 feet, made a total of 103,000 feet which plaintiff claims that he cut and hauled, and for which he was entitled to pay at the rate of five dollars per thousand feet. He was paid by defendant, at two several times during the progress of the work, the total sum of $330, and the plaintiff claimed that this left a balance of $185 due to him, for which he instituted suit.

The jury returned a verdict in favor of plaintiff for $157.90, and from the judgment entered thereon defendant prosecutes this appeal.

There were no objections interposed at the trial, and none are now pressed on this appeal to the giving of any of the instructions.

The only question involved on this appeal therefore is, whether there is sufficient evidence to support the verdict. It is contended by the defendant that the plaintiff is not entitled to recover because he stopped cutting and hauling logs, and thus

violated the contract. But, according to the testimony of plaintiff, corroborated by other witnesses, there was no definite time for the contract to run and no definite amount of logs that were to be cut and hauled. According to this testimony, the defendant was simply to pay to plaintiff $5 per thousand feet for the logs that he would cut and haul and saw; and either party had the right to terminate the contract at his election and to cease working thereunder. So that the plaintiff did not violate any term of the contract when he stopped work thereunder, and therefore was not in any default.

It is next contended by defendant that the plaintiff should be charged with the cost of placing on the skidway and sawing the logs which he had unloaded on the ground, which cost amounted to $113.09. By the undisputed terms of the contract the defendant was to furnish skidways upon which the plaintiff should unload the logs. It did build a skidway, but it only accommodated a small amount of the logs. The plaintiff made his preparations and at considerable expense of camp and teams maintained the necessary preparations for the cutting and hauling of the logs. According to the testimony on the part of the plaintiff it was less difficult and expensive to unload the logs upon the skidway than upon the ground. The plaintiff had filled the skidway with logs and sawed those logs in compliance with the terms of the contract. The defendant failed to take these logs out of the skidway and failed to furnish additional skidways. Under the terms of the contract the defendant was to furnish the skidways for the reception of the logs. Now, that did not mean and the contract did not provide that the defendant should furnish the skidway facilities at its election from time to time. The plaintiff had made preparations to continue right along with the work without stopping, and it appears that this was contemplated by the parties and done with the knowledge of defendant; and it would have been expensive to plaintiff, after thus beginning the work, to stop the hauling and still maintain a camp and teams in idleness. So that, under this view of the evidence, the defendant was in default when it failed to furnish sufficient skidway facilities for the logs hauled by the plaintiff. So that the failure by plaintiff to unload the logs on the skidway was brought about by the conduct of defendant in failing to fur-

nish the skidways, which by the contract it was bound to do. The rights of plaintiff could not be affected by this default on the part of defendant. *Brodie* v. *Watkins,* 31 Ark. 319; *Cassady* v. *Clarke,* 7 Ark. 124; *Ward* v. *Kadel,* 38 Ark. 174; *Missouri Pac. Ry. Co.* v. *Yarnell,* 65 Ark. 320; 9 Cyc. 646.

Therefore, the plaintiff, under this view of the evidence, was not chargeable with the expense of placing the logs from the ground on the skidway.

It is contended by defendant that the evidence does not sustain the amount of the verdict. The defendant introduced two witnesses who testified as to the measurement of the logs. But both of these parties measured only a part of the logs and estimated a part from the number of ties that had been cut. And the estimates of these two witnesses did not agree; one estimating the amount of the logs to be 87,928 feet and the other estimating the amount to be 89,469 feet. The plaintiff testified that when the logs were scaled the separate amounts of each log were set down in a book, and that he had same made out on a list thereof, which he presented; and this showed the amount of the logs to be 103,000 feet. But, in addition to this, the defendant had employed one Carson to saw the logs which plaintiff had piled on the ground; and he testified, on the part of the defendant, that there were 66,000 feet of these logs. The plaintiff testified that he had placed on skidway 35,000 feet of logs, which would make a total of 101,000 feet. Under this conflicting testimony, we cannot say that the finding of the jury is contrary to the evidence. There was evidence showing that the reasonable cost for sawing the logs into lengths of eight feet was fifty cents per thousand; so that the cost of sawing the logs which plaintiff hauled and did not saw could not amount to exceeding $34, if plaintiff is chargeable therewith, after the defendant's default, and the additional expense or cost of the inconvenience incurred by the plaintiff in unloading the logs on the ground.

There was conflicting evidence in this case, but there is substantial evidence to sustain the verdict of the jury. Under such circumstances it should not be disturbed. *McClintock* v. *Frohlich,* 75 Ark. 111; *Chicago, R. I. & Pac. R. Co.* v. *Stanford,* 84 Ark. 406; *Shaufelberger* v. *Mattix,* 85 Ark. 193.

The judgment is affirmed.