[No. 22570. Department Two. December 23, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. ARLIE TAYLOR, *Appellant.*[1]

[1]Reported in 294 Pac. 260.

*Anderson & Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney* and *C. W. Jordan,* for respondent.

FULLERTON, J.—The appellant, Arlie Taylor, and three other persons were informed against by the prosecuting attorney of Snohomish county for the crime of grand larceny; the specific charge being that they had stolen a quantity of copper wire, the property of the Pacific Telephone and Telegraph Company. Two of the accused persons were not apprehended. The third was discharged by the direction of the court at the conclusion of the state's case on the trial. The appellant was found guilty as charged by the jury, and his appeal is from the judgment and sentence pronounced upon him.

The evidence on the part of the state tended to show that, on July 8, 1929, certain employees of the Pacific Telephone and Telegraph Company were stringing a telephone wire on telephone poles in the town of Marysville in Snohomish county. The wire was a copper wire, known as 104 gauge, and was new. The wire, preparatory to the work of stringing, was in coils, and was carried by the workmen along the line of the poles in a wheeled cart. When the employees ceased work on the evening of July 8, they left the wire in the cart at the place where they stopped, taking the precaution to place a short cable through the center of the coils and fasten the ends of the cable together with a lock. When the workmen returned to their work on the next morning, they found the lock broken and certain of the coils missing. On the same morning, shortly prior to eight o'clock, the appellant and the third person mentioned appeared at a brass foundry in the city of Seattle, driving an automobile

truck, and offered to sell to the proprietor of the foundry copper wire similar to that which had been stolen, which they had in the truck. The proprietor became suspicious of their actions, and called the city police of the city of Seattle. On the arrival of the police, the occupants of the truck were arrested and taken to the city police station. The truck with the wire in it was also taken to the same place, and the wire removed from the truck. On removing the wire, the lock with which the coils of the wire had been fastened together at Marysville was found in the bottom of the bed of the truck beneath the wire.

The principal assignments of error raise the question of the sufficiency of the evidence to sustain the verdict of the jury. It is first contended in this connection that there is not sufficient evidence to support the finding that the wire found in the possession of the appellant in the city of Seattle was the wire stolen from the telephone company at Marysville. It is true that the witnesses testifying on this point could not identify the wire by any specific marks upon it. The most they could say was that the wire found in the appellant's possession and the wire stolen were of the same character, were of the same gauge, and were the same in quantity. It would seem that, had the evidence shown nothing more than this, it would still have been a question for the jury. But the surrounding circumstances do not leave the question in doubt. The appellant was seen in Marysville on the day the property was taken, driving the truck in which the wire was found; the property was taken during the following nighttime, and was found in the appellant's possession in another city early on the next morning, where the appellant was offering it for sale; and in the appellant's truck beneath the wire was the telltale lock with

which the stolen wire was fastened together. In addition to this was testimony of the appellant's admission that he had taken the wire, when shown the lock taken from the truck.

■ It is next said that there was no sufficient proof of value to show that the offense was grand larceny. But it was shown that wire of this character costs, when purchased from the manufacturer, $18.13 per hundred pounds, and that the weight of the wire stolen was over eleven hundred pounds. This was sufficiently definite to warrant the jury in finding that the value was in excess of twenty-five dollars, the dividing line between grand and petty larceny.

■ The appellant contends further that the admission of the appellant should have been excluded from the consideration of the jury because of the "third degree" methods resorted to by the witness who testified to the admission. But the witness denies that any such methods were resorted to, and the appellant denies that he made any such admission. Clearly, we think the court under these conditions could properly submit to the jury the question whether there was an admission, and whether, if they found that there was such an admission, it was obtained by unlawful methods.

■ The court admitted in evidence certain mechanical tools found in the truck at the time of the appellant's arrest, which were of a character that could have been used in breaking the lock holding together the wire coils. This is assigned as reversible error, but we cannot conclude it to be so. The tools had, it may be conceded, no great persuasive force in establishing the appellant's guilt, but their admission could not have misled the jury, and they demonstrated that the appellant was not without ready means at hand with which to break the lock.

We find no reversible error in the record, and the judgment will stand affirmed.

MITCHELL, C. J., BEALS, MILLARD, and MAIN, JJ., concur.