674

DECIDED APRIL 5, 1933.

*Fariss & Langford,* for plaintiff in error.
*M. Neil Andrews, solicitor-general,* contra.

BROYLES, C. J. The defendant and three other persons were jointly indicted for the offense of larceny from the house. They were charged with stealing "one Giant make automobile tire, one box of Bulldog brand tire patching, three Pee-Gee automobile tire boots, two tubes automobile radiator cement, one Champion make spark-plug, and one can of Home lubricant oil." On the trial the evidence showed: that the above-named articles were missed by the prosecutor from his filling-station; that on the same day and shortly before the disappearance of the articles the defendant and his three companions came in an automobile to the filling-station for the purpose of having a tire patched; that soon after they had driven away the articles were missed; that subsequently on the same day the defendant and his three companions were arrested, and articles similar in brand and character to the ones stolen were found in their possession, some of them being in the immediate possession of the defendant; that the articles, however, were of a brand and character which could have been bought at many other filling-stations or stores, and that they had no "earmarks" by which they could be positively identified as the stolen articles. The goods found in the possession of the defendant and his companions were exhibited before the court and jury, and the prosecutor testified that they were exactly similar in brand and appearance to those stolen from his filling-station, and that he believed them to be his stolen property, although he could not swear that they were.

While it is necessary for conviction in a larceny case, where the State relies upon recent possession of the stolen goods, that the articles found in the possession of the accused be identified as those alleged to have been stolen, such identity can be established by the testimony of the owner of the goods that the articles found in the

possession of the accused, where they have no "earmarks" to identify them, are of the same brand and character as the stolen goods, and that, from their brand, character, and appearance, he believes them to be the property stolen from him. This is especially true where (as in the instant case) many different articles of various kinds, brands, and sizes were stolen, and articles similar in make, brand, character, and appearance to the stolen ones were found in the recent possession of the accused. See, in this connection, *Jordan v. State,* 119 *Ga.* 443 (2), 444 (46 S. E. 679). In that case, as in the present one, the stolen goods "had no earmarks, but the coincidence of their correspondence in quantity, variety, and brand with those found in the defendant's recent possession, with the other evidence [in the case], was sufficient identification." In our opinion, the defendant's conviction was authorized by the evidence.

Special ground 1 of the motion for a new trial complains that the court improperly restricted the cross-examination of a witness for the State. The ground itself (consisting of three closely-typed pages) discloses that the cross-examination of the witness was not unduly restricted, and that the ground is without merit. The evidence set out in special ground 2 was relevant and material, under the facts of the case, and was properly admitted. Special grounds 3 and 4 complain that while certain witnesses for the State were being cross-examined, the court refused to allow them to state what the defendant said in reference to the goods found in his possession—the alleged statement of the accused being made to the arresting officers immediately after the arrest and about one hour after the larceny, and tending to show his innocence of the offense charged. The court rejected the evidence, on the ground that the alleged statement of the defendant was a self-serving declaration, and therefore inadmissible. It is our view that under the particular facts of the case the statement was admissible as a part of the res gestæ, and that the exclusion of the evidence was error. However, subsequently during the trial (as shown in special ground 5 of the motion), the judge, in effect, reversed his previous ruling and stated, in substance, to counsel for the defense that the rejected evidence was admissible, and virtually told him that he could recall the witnesses and elicit from them the desired testimony. The fact that counsel did not avail himself of this privilege is immaterial. We think that this later ruling cured the antecedent error.

676

The remaining special grounds of the motion show no cause for another trial of the case.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*