Wilson *v.* State.

Crim. 3926

Opinion delivered March 25, 1935.

*C. C. Hollensworth* and *W. S. Atkins,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

Humphreys, J. Appellant was indicted, tried and convicted in the circuit court of Bradley County for the crime of arson, and was adjudged to serve a term of three years in the State penitentiary as a punishment therefor, from which is this appeal.

Appellant assigns as reversible error the insufficiency of the evidence tending to connect him with the commission of the crime under the statute requiring the testimony of accomplices to be corroborated in order to connect one with the crime charged.

Charley Crosnoe testified that appellant, a salesman for the Continental Gin Company, employed him in April, 1934, to burn the gin of J. A. Lee, located four miles south of Banks in Bradley County; that he was to get $300 for burning same; that he had known and been associated with appellant for about two years; that, in order to definitely locate the gin, appellant took him to the place in company with two of the Kents and Buck Martin; that he, witness, procured Jess Hudson to do the job for him for $100; that the three of them talked it over, and appellant advised Hudson to be sure to do a good job of it;

that he went with Hudson and a man by the name of Thomas Crawford to a filling station and bought two gallons of coal oil and put it in a box in the car; that Hudson and the other men left Hope about midnight to burn the gin; that the next morning witness left Hope with appellant, who paid him $50 between there and Camden; that witness was tried and convicted of the crime.

Jess Hudson testified that he, Charley Crosnoe and appellant met in Hope and talked about burning the gin; that Crosnoe, in the conversation, offered him $100 to burn same, and that appellant said to be sure to burn the right gin; that Crosnoe and he got in Tommy Crawford's car and went to the Loreco station, bought some coal oil, and put it in a box with some excelsior in it and placed it in the car; that they picked up a negro at the postoffice, and Crosnoe got out, and that he, Crawford, and the negro went to Banks; that when they got to the gin the negro, at their direction, set the gin on fire; that they got back to Hope about six o'clock A. M. and saw Charley Crosnoe, who paid witness $100, out of which he paid Crawford $25.

It is conceded that Charley Crosnoe and Jess Hudson were accomplices of appellant in the commission of the crime, but it is argued by counsel for the State that their testimony was sufficiently corroborated by other testimony to warrant appellant's conviction under the provisions of § 3181 of Crawford & Moses' Digest, which is as follows:

"A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. * * *."

The alleged corroborating evidence relied upon by the State is that of J. A. Lee, the owner of the gin, his son, Bob Lee, A. J. Kent and Buck Martin.

J. A. Lee testified that he owed the Continental Gin Company for a part of the machinery in the gin, and that appellant represented it in the collection of the debt, and had stated he had intended to repossess the machinery or dispose of it; that he told him to adopt any course

he saw fit; that, about a week before the fire, he brought some prospective purchasers over to look at the gin; that he left them at the gin and came up to the house; that witness offered to go and unlock the gin so they could see the machinery, but after talking awhile he informed witness that the parties could not use the machinery, and left; that before leaving appellant informed him that the parties he brought with him were Buck Martin and Kent; that he said nothing of having Charley Crosnoe with him; that in a later conversation, after the gin had been burned, he asked appellant if he had not brought Charley Crosnoe out with the other three men about a week before the gin was burned; that appellant admitted doing so, saying that Martin and the Kents had confidence in Crosnoe as a machinist and wanted his opinion about the machinery.

Bob Lee testified in confirmation of the last conversation appellant had with his father, and A. J. Kent and Buck Martin testified that Crosnoe was not taken out at their request, and that they barely knew him and had not wanted his opinion on the machinery.

The court is of opinion that the testimony of the Lees, A. J. Kent and Buck Martin, at the most, created only a suspicion against appellant and did not, independently, and without the aid of the testimony of the accomplices, tend to connect appellant with the commission of the crime.

For this reason, the judgment is reversed, and the cause is remanded for a new trial.