THOMPSON v. STATE.

4366                                      182 S. W. 2d 386

Opinion delivered October 2, 1944.

*Bon McCourtney* and *T. J. Crowder,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J. A jury convicted appellant, Roy Thompson, of the crime of receiving stolen property, (§ 3144, Pope's Digest), and fixed his punishment at a term of one year in the state penitentiary. From the judgment on the verdict comes this appeal.

The information charged that appellant in "November, 1943, in Greene county, Arkansas, did unlawfully and feloniously receive two Firestone automobile tires valued at $60, the same being the property of Fountain Ladd, for the purpose of depriving the true owner of his property therein, knowing at the time that they were stolen property."

The testimony most favorable to the State is to the following effect. Melvin Stewart and Arliss McLean testified that they, together with Odell Simms, on the night of November 27, 1943, drove from Paragould, Arkansas, into Missouri, stole two new Firestone tires and on the same night brought the tires to Paragould, delivered the tires to appellant, and that appellant paid them $20 cash for them. These tires were never recovered and were not in evidence. J. F. Ladd testified that two new Firestone automobile tires, 6-16, 4 ply, were taken from his place of business in Missouri in the night-time on November 27, 1943. Odell Simms denied that he had anything to do with the theft of the tires.

Stewart and McLean further testified that Odell drove the car and when they returned to Paragould on the night of the larceny of the tires, they were joined by appellant who paid them $20 for the two tires and they then went to the home of Chester Thompson, a brother of appellant, and there they all concealed the tires in the hay in the loft of Chester's barn. They further testified that the car used by them was a 1941 Ford coach, in excellent condition, newly painted black, with two aerials, one on each side of the body, and with white side walls on the tires.

Officers testified that they arrested Chester Thompson and, upon taking him to jail, he made a statement to them in which he admitted that the tires were received by Roy Thompson from the accomplices and hidden in his (Chester's) hay loft and that he assisted in their concealment. In explanation of this statement to the officers, Chester testified that he made the statement for the purpose of obtaining his release from custody and to avoid being placed in jail and that he told the officers

he would tell the truth when he was put on the witness stand. This was contradicted by the officers. Chester Thompson's statement to the officers was not made in the presence of appellant.

Appellant concedes that the tires in question were stolen by Stewart and McLean in Missouri, but insists that Stewart and McLean were accomplices and that appellant could not be convicted on the uncorroborated testimony of accomplices; that the testimony of Chester Thompson, given in the absence of appellant, was hearsay and without corroborative force.

After a careful review of all the testimony, we have reached the conclusion that there is lacking any substantial evidence, which standing alone and independent of the testimony of an accomplice, tends to corroborate the accomplice and connect the appellant with the crime charged. It is expressly provided in § 4017 of Pope's Digest that "A conviction can not be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof."

This court has many times construed this section of the statute, and in one of our most recent cases, (*Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304) said: "The corroborating testimony required by this statute must be of a substantial character which, of itself and independently of the statement of the accomplice, tends in some degree to connect the defendant with the commission of the crime, although such evidence need not in itself be sufficient to support a conviction. *Cook* v. *State,* 75 Ark. 540, 87 S. W. 1176; *Brewer* v. *State,* 137 Ark. 243, 208 S. W. 290; *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Breed* v. *State,* 198 Ark. 1004, 132 S. W. 2d 386; *Bennett & Holiman* v. *State,* 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908. Evidence which merely raises a suspicion that accused may be guilty, or which is as consistent with defendant's innocence as guilt is not sufficient. *O'Neal* v. *State,* 192 Ark. 1178, 96 S. W.

2d 780; *Wilson* v. *State,* 190 Ark. 651, 80 S. W. 2d 925; *Roath* v. *State,* 185 Ark. 1039, 50 S. W. 2d 985; 22 C. J. S. 1412, § 812.''

While we agree with the State's contention that there is some substantial evidence aside from the testimony of the accomplices that the car used in the larceny of the tires belonged to appellant, we do not think this alone sufficient corroboration to connect appellant with the crime. Appellant denied receiving the tires or any knowledge of their theft. The tires have never been found. Without the testimony of the accomplices, we find no substantial competent evidence tending to connect appellant with commission of the crime.

The statements of appellant's brother, Chester Thompson, to the officers, are clearly hearsay and without probative value tending to establish appellant's guilt. The only purpose for which these statements were admitted was to discredit or impeach the witness. On this point the jury was correctly instructed that any statements Chester Thompson may have made in the absence of the defendant could not be used as evidence against the defendant, but were admitted solely for the purpose of testing the credibility of the witness.

Appellant next argues that the court erred in giving the following instruction: ''If you find the defendant guilty in this case you will assess his punishment at a term in the state penitentiary for a period of time, not less than one year or not exceeding twenty-one years.'' Appellant says: ''We contend that the giving of the instruction constituted reversible error for the reason that there is no showing as to whether or not the taking constituted grand or petty larceny. It is also our contention that one cannot be convicted in this state for knowingly receiving stolen property, when it is shown that the property was stolen in another state.''

We think, however, that this contention of appellant is untenable. Appellant is charged here with the crime of receiving stolen property in Greene county, Arkansas. The crime is committed where the property is received.

The laws of Missouri can have no force or effect here. Professor Beale, in his "Treatise on The Conflict of Laws," Volume 2, § 428.2, p. 1354, says: "The crime of receiving stolen goods is committed where the actual receiving is done, though the goods were stolen in another state. The crime of bringing stolen goods into the state is committed in the state into which the goods are brought. It is, therefore, immaterial whether the goods were taken in a state which made the taking larceny. If the taking would be stealing in the state into which they are brought, the crime is committed though the taking was not stealing where the goods were taken, and if the taking would not be stealing in the state into which the goods are brought, the crime is not committed, though the act was stealing where the goods were taken."

Section 3144 of Pope's Digest, under which appellant was indicted, provides: "Whoever shall receive or buy any stolen goods, money or chattels, knowing them to be stolen, with intent to deprive the true owner thereof, shall, upon conviction, be punished as is, or may be, by law prescribed for the larceny of such goods or chattels in cases of larceny."

Section 3134 of Pope's Digest on the punishment for larceny provides: "Whoever shall be guilty of larceny, when the value of property stolen exceeds the sum of ten dollars, upon conviction thereof shall be punished by imprisonment in the penitentiary not less than one nor more than twenty-one years, etc."

While the proof that the value of the tires exceeded ten dollars was perhaps not as clear as it might have been, we think it substantial and there was no error in giving the above instruction.

Finally, appellant argues that "the court erred in excluding competent, relevant and material evidence, over the objections and exceptions of defendant," and "in admitting, over the objections and exceptions of the defendant, irrelevant, immaterial, incompetent and prejudicial testimony, particularly the testimony of" seven witnesses, naming them. Appellant does not point out the

686

alleged competent and incompetent testimony. The objections are of the most general character and do not present any question for our consideration. *McClintock* v. *Frohlich,* 75 Ark. 111, 86 S. W. 1001, and *Edmonds* v. *State,* 34 Ark. 720.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.