TAYLOR *v.* STATE.

4401                                    190 S. W. 2d 440

Opinion delivered February 4, 1946.

*E. M. Ditmon,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Information containing two counts was filed by the Prosecuting Attorney: one charging burglary, the other grand larceny. The jury acquitted as to the first count, but found that Taylor was guilty of larceny in that he had aided Clifton Stovall, who admitted breaking into a place of business operated by Jimmy Hendricks at Fort Smith. Stovall, then under penitentiary sentence of three years on a plea of guilty, testified that he alone entered the building, but had talked with Taylor concerning the transaction. Taylor and Stovall had met at "Smalley's" Restaurant prior to the time Stovall opened a window in Hendricks' place of business with a screwdriver. There is this statement in Stovall's testimony:

"I went on the lot and burglarized the place and put the stuff in the alley, and [Taylor] pulled down the alley and I put the stuff in his car." He also testified that Taylor either opened the door to accommodate him, or helped put the stolen property in the car.

The two men then drove to Oklahoma, where the "take" was hidden. It was found when Stovall confessed and revealed the hiding place.

In his opening statement to the jury the Prosecuting Attorney asserted that certain "hot patches" had been taken from Hendricks' place and were found in Taylor's car. On objection that the patches were not listed as property alleged to have been stolen, an amendment to the information was permitted. This is urged as error.

Proof disclosed that when Taylor was apprehended there were indications he was "moving." Personal effects were found in his car; also a number of so-called "hot patches" suitable for repairing automobile tubes were behind or under a back seat. Hendricks testified that a partial box of "quick-cure" patches was stolen. When shown the patches recovered from appellant's car Hendricks gave an affirmative answer to the question, "Those were taken out of that building the night it was broken into?"

We do not think Taylor was prejudiced by the Court's action in permitting the information to be

amended. If the defendant participated in the transaction with knowledge of what was being done, the patches were only a minor part of the loot, and their presence in his car was a link in the chain of evidence.

The more urgent argument for reversal relates to what is termed by appellant a conviction upon the uncorroborated testimony of the accomplice, Stovall.

We have frequently·commented upon the meaning of § 4017 of Pope's Digest. It prohibits conviction in a felony case unless the testimony of an accomplice is corroborated by other evidence ''tending to connect the defendant with the commission of the offense.'' See *Thompson* v. *State,* 207 Ark. 680, 182 S. W. 2d 386, and the decisions cited, pages 683-'84. Although the conviction of Thompson was reversed, the law's requirements and limitations are discussed.

In the case at bar officers testified regarding the position of appellant's car, and to other suspicious circumstances. Nearness of the car to appellant's activities at 1:30 a.m., the fact that the car had seemingly been moved to a prearranged place suiting Stovall's needs and facilitating the joint enterprise—these and other circumstances were sufficient to meet the need of corroboration. While in the absence of identifying marks or numbers, identification of the patches exhibited at the trial as those taken from Hendricks could not be absolute, that degree of precision is not essential. It was only necessary that the defendant's guilt be established beyond a reasonable doubt. The jury was satisfied in that respect, and we cannot say, as a matter of law, that the corroboration did not tend to connect Taylor with the crime.

Objections to instructions were general only. None of the declarations of law was inherently wrong; nor was the defendant prejudiced by testimony he contends was inadmissible.

Affirmed.