**TATUM v. UNITED STATES.**
No. 1197.
Municipal Court of Appeals for the

District of Columbia.

Argued April 21, 1952.

Decided May 13, 1952.

C. Reginald Audrick, Washington, D. C., for appellant.

Edward O'Brien Fennell, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Joseph M. Howard and Paul F. Leonard, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of petit larceny. Appellant was sentenced to serve ninety days and at argument before us it was conceded that appellant had served his sentence. We accordingly raised the question whether the case was moot. In Hill v. United States, D.C.Mun.App., 75 A.2d 138, we followed the ruling in St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 911, 87 L.Ed. 1199, where it was said: "We are of opinion that the case is moot because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate." Appellant's counsel argued that the present case is not moot because as a result of this conviction appellant's parole on a former conviction had been revoked and appellant is now committed and serving time under the revocation of parole and, if the present conviction stands, must serve the balance of a three-year sentence. These facts do not appear of record but their correctness is conceded by the District Attorney who suggests that the present case is distinguishable from the St. Pierre case by the later case of Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 230, 91 L.Ed. 196.

In the Fiswick case appellant had served his sentence but the case was held not to be moot because appellant, an alien, was subject to deportation proceedings by reason of his conviction. The Supreme Court said that because the hazards of deportation were real, and because other disabilities or burdens might result to appellant if his conviction stood, that he had "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." In the case be-

fore us, if, as is conceded, appellant because of this conviction is being compelled to serve time on a previous conviction, we think he too has a substantial stake and the case is not moot.

On the merits appellant's argument is directed to the identification or, as he says, lack of identification of the property alleged to have been stolen. The property, a clock, was left by complaining witness in her desk in the office of the corporation counsel in the District Building. When the desk was opened the clock was gone. Appellant was employed in the same building as a trash man, and a short time after the clock disappeared a parole officer found a similar clock in appellant's possession. When the clock was shown to complaining witness she was "quite positive" it was her clock. At the trial she testified that she had had the clock several months before it disappeared, that it was a Phinney-Walker traveling clock in a brownish leather case, and that the clock found in appellant's possession was "exactly like mine in every way." On cross-examination the witness said: "I cannot say it is definitely mine. All I can say is that I had a clock identical in every respect to this."

■ Appellant concedes that it is the rule in this jurisdiction that "possession of recently stolen property, unexplained, is sufficient to support a verdict of guilty in larceny,"[1] but contends that there must be adequate proof that the article in possession was in fact stolen property before this rule can become operative and that such proof was lacking in this case. Appellant says that the evidence here amounted to nothing more than that a clock resembling that of the complaining witness was found in appellant's possession.

■ We think the fact that the complaining witness could not positively identify the clock as her property did not prevent submission of the case to the jury. Identification of property which bears no identifying marks is seldom capable of strict proof, but where the owner of stolen property testifies that the property found is of the same make and type and exactly similar in appearance to his property, there is a question for the jury whether the property has been identified beyond a reasonable doubt.[2]

In addition to complaining witness' testimony there were the following other circumstances which the jury was entitled to consider: Appellant's access to the clock while employed in the building at the time the clock disappeared; appellant's statement to the parole officer that his father had given him the clock and his father's denial that he had done so; appellant's statement to a police officer that he bought the clock from a man identified as George Glasgow and Glasgow's denial that he sold any clock to appellant.

■ We think there was sufficient evidence for the jury to find beyond a reasonable doubt that the clock in appellant's possession was the clock stolen from complaining witness, and in view of the circumstances and the absence of any explanation from appellant to further find that appellant was guilty as charged.

Affirmed.

1. Edwards v. United States, 78 U.S.App. D.C. 226, 229, 139 F.2d 365, 368, certiorari denied, 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064.

2. Taylor v. State, 209 Ark. 1010, 190 S. W.2d 440; Steele v. State, 46 Ga.App. 674, 168 S.E. 908; Keating v. People, 160 Ill. 480, 43 N.E. 724; Hooten v. State, 53 Tex.Cr.R. 6, 108 S.W. 651; Kelly v. Commonwealth, 181 Va. 576, 26 S.E.2d 63, certiorari denied, 321 U.S. 767, 64 S.Ct. 524, 88 L.Ed. 1063; State v. Taylor, 159 Wash. 614, 294 P. 260.