NOLEN *v.* STATE

5138                                    393 S. W. 2d 765

Opinion Delivered September 13, 1965.

[Rehearing denied October 11, 1965.]

*Holt, Park & Holt,* for appellant.

*Bruce Bennett, Atty. General,* By: *Beryl F. Anthony, Jr., Asst. Atty. General,* for appellee.

PAUL WARD, Associate Justice. Appellant, Fred Nolen, together with two accomplices was indicted for robbing Robert Fox on May 11, 1963. The accomplices were Irvin Steele (alias Irvin Perry) and Wayne Ogles. Steele and Ogles pleaded guilty soon after the robbery occurred. Steele was given twenty one years in the penitentiary and Ogles was given a three year suspended sentence. Appellant pleaded not guilty, was tried and convicted on December 15, 1964, and was sentenced to five years in the penitentiary.

Before examining appellant's contentions for a reversal we deem it expedient to set forth a brief description of some of the *parties* involved, and also a *summary* of pertinent facts.

*Parties. Fred Nolen* (appellant) is forty four years old, is a very substantial farmer near Paragould, he has a wife and family, and has never before been convicted of any crime. *Irvin Steele* (alias Irvin Perry) admits he

has previously been convicted of felonies five or six times, and his wife is the bartender at Wink's Tavern in Paragould. *Wayne Ogles* was seventeen years of age in 1963; he had known Steele for about three years during which time they had been close associates; he admits they had been together on four or five "jobs"; and, he admits he has pleaded guilty to four or five criminal charges but has never been punished. *Robert Fox* (who was robbed) is a young man who lives with his parents a few miles from Paragould. He admits to having been convicted of such offenses as drunkenness, driving while drunk, disturbing the peace and fighting in Arkansas, Texas, Iowa, Arizona, Idaho and Missouri; and, he admits to having been convicted three times since he was robbed on May 11, 1963.

*Summary of Facts.* The following facts are not in dispute. About 8 p.m. appellant left his farm and drove unaccompanied to Wink's Tavern in Paragould. Here appellant joined Fox and Steele and they all drank some beer. Appellant was not acquainted with Fox but did know his father. Later that evening Fox stated he would have to hire a taxi to take him home. Steele offered to take him home but Fox refused his offer and then accepted appellant's offer to take him home. Around midnight the three left the Tavern, and Fox and appellant started home in appellant's car. Each had purchased two cases of beer which they took with them. When appellant and Fox were a short distance out of Paragould they stopped to drink some beer. Each say they stopped at the suggestion of the other. Presently a man, recognized by Fox to be Steele, with a stocking over his face and with the aid of a toy gun, forced appellant and Fox to give him all the money they had. After the robbery they proceeded homeward, but just before they reached appellant's home Fox accused appellant of framing the robbery with Steele. Then they drove on to Fox's home grabbed the key to appellant's car, ran toward the house and yelled for his father to bring out the shotgun. A fight ensued, and appellant was arrested for fighting and having too much beer in his car.

A careful reading of the entire record and a study of the pertinent decisions of this court presents a close and troublesome question regarding appellant's guilt, but we have reached the conclusion that there is substantial, competent evidence to support the verdict of the jury.

The basic statute here involved is Ark. Stat. Ann. § 43-2116 (Repl. 1964) which, in pertinent part reads:

"Testimony of accomplice: A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof."

Steele testified that he and appellant conspired to rob Fox. He further testified that after the robbery the money which was taken from appellant was returned to appellant's wife. This was not denied by her. Ogles' testimony was to the same effect. Ogles testified that he sat in the car while Steele went down the road a short distance and robbed Fox. He further testified that Steele gave him part of the money and that he then went with Steele to appellant's house where Steele left the money he had taken from appellant. However, under the statute just quoted the above testimony alone is insufficient to sustain the verdict. It must be corroborated by other independent facts and circumstances tending to prove appellant entered into a plan with Steele to rob Fox.

In the case of *Thompson v. State,* 207 Ark. 680, 182 S. W. 2d 386, this Court, in commenting on the above mentioned statute and quoting from *Underwood v. State,* 205 Ark. 864, 171 S. W. 2d 304 had this to say:

"The corroborating testimony required by this statute must be of a substantial character which, of itself and independently of the statement of the accomplice, tends in some degree to connect the defendant with the commission of the crime, although such evidence need not in itself be sufficient to support a conviction."

684

There is in the record other independent evidence which, we think, is sufficient to sustain the jury's verdict.

Lola Dill Mitchum testified that shortly before the robbery took place she sat at the same table with appellant and Steele in Wink's Tavern and heard them discuss a plan to rob Fox.

Q. "Knew him (Steele) well enough, he and Fred let you sit (at) the table while they planned the robbery?

A. "Yes, sir."

Q. "Did this defendant and Steele have a discussion about how they were going to perpetrate the robbery?

A. "Said, meet them out on the road as they went home.

Q. "Who?

A. "For Steele to meet Fox and Nolan on the road as they were going home.

Q. "Mr. Nolan was going to take Fox home?

A. "They were riding together, my understanding."

Later on, after the robbery, the same witness testified about a conversation she heard between appellant and Steele:

Q. "Who?

A. "Fred Nolan and Irving Steele.

Q. "I see.

A. "About the $135.00, because he said, 'It will take what I got from Robert Fox to pay an attorney to keep from winding up in jail.'

Q. "Any mention in the conversation about how much money Mr. Fox was robbed of?

A. "Yes. $170.00.

Q. "$170.00 you say, Fred Nolan and Irving Steele were arguing among themselves, about how much money he got?

A. "Yes."

Also, Fox testified appellant insisted on stopping at the place where the robbery occurred. This testimony was disputed by appellant, but the jury had a right, of course, to choose which one to believe. The fact that appellant's wife did not deny she received the money from Steele was a circumstance which the jury had a right to consider.

As previously pointed out this is a close, difficult case, but in cases of this nature we have recognized that much latitude is sometimes necessary in the introduction of testimony in order to prove conspiracy.

In *Hearne* v. *State,* 121 Ark. 460, 181 S. W. 291, the following language is found on page 472:

"Conspiracies are often difficult to prove by direct testimony and rarely can any express understanding or agreement be shown, and the law does not require that it shall be. Large latitude is allowed, necessarily, in proof of a conspiracy, and the jury should be permitted to have before them all the facts which will enable them to come to a correct conclusion. Much discretion is left to the trial court in the admission of testimony tending to establish the fact and if all the evidence shows that a conspiracy actually existed, it is not material whether the conspiracy is established before or after the detailing in evidence of the acts and declarations of the conspirators. *Easter* v. *State,* 96 Ark. 629, 132 S. W. 924; *Parker* v. *State,* 98 Ark. 575; *Chapline* v. *State,* 77 Ark. 444."

Finding no error the judgment is affirmed.

Holt, J., not participating.