CASE 104—INDICTMENT—NOVEMBER 25.

## .True v. Commonwealth.

APPEAL FROM SCOTT CIRCUIT COURT.

.AIDERS AND ABETTORS—INSTRUCTIONS TO JURY.—Upon a trial for murder it was error to instruct the jury that they might find defendant · guilty if he was present and "approved of" or "consented to" the killing. It was not error, however, to instruct them that they might find defendant guilty if he was present and "encouraged, aided or abetted" the killing.

JAMES F. ASKEW FOR APPELLANT.

It was error to instruct the jury that they might convict if they believed defendant *approved of* or *consented to* the shooting of the deceased. (Plummer v. Commonwealth, 1 Bush, 76.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

No brief in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Under a joint indictment for murder of James W. Robertson against Samuel Sellers and William True the latter, tried separately, was convicted of man-:slaughter, and prosecutes this appeal.

The circumstances attending the homicide actually committed by Sellers are about as follows : While church services were going on at night in what is called Muddy Ford Church, certain persons outside the building made such loud noise by swearing, and, as one witness says, worse, as to disturb the preacher, who requested some one of the congregation to go out and stop it, but no effort was made to do so. When the services were closed Robertson, the deceased, accompanied by the preacher and others, came ·out of the building on their way home, and, accord-

ing to the version of some of the witnesses, Robertson accosted Sellers, saying: "I will make you pay for this;" and in reply to Sellers' question, "What?" he answered: "For being here in this condition." Whereupon Sellers asked him if he knew his, Sellers', name, to which he replied he did, but did not call it, though requested to do so; and Sellers refusing to let go his hand, Robertson jerked loose and started home. But soon Sellers, accompanied by True, overtook him, and then Robertson turned and asked why he followed him. Whereupon Sellers, asking him if he was un-willing for a gentleman to accompany him home, commenced in vile and opprobrious language to abuse him. The evidence shows that Sellers dropped back two or three times to converse with True, but what was said by them no witness fully heard, one testifying to words "go on," "hands off," "I will." At the close of the last conversation between them Sellers advanced rapidly, with a pistol in his hand, towards Robertson, who, with the preacher, had in the meantime been walking briskly, and when he got up to where Robertson was, the latter struck or struck at him with a stick, and Sellers commenced firing, whether at the same time Robertson turned around does not clearly appear. But when Sellers fired Robertson started to run, and was shot in the back and killed, that shot being accompanied by this language of Sellers: "Run, you d—d son of a bitch." About the same time another person, Baily, who left the church with Robertson and the preacher, and had advised Robertson to go on and not mind what Sellers said, because he was drunk, was also shot by a man be-

hind a bush, who, the evidence tends strongly to show, was appellant, True.

The only ground relied upon for reversal of the judgment is the following instruction, third of the series: "If the jury believe from the evidence that Samuel Sellers shot and killed said Robertson, they should acquit the defendant, True, unless they believe from the evidence beyond a reasonable doubt that the defendant, True, at the time of said shooting and killing of Robertson by said Sellers, was present and did, in some manifest manner, encourage, incite, *approve of*, or aid or *consent to* said shooting of said Robertson by said Sellers, or that he was near enough to the scene of said shooting and killing, with the intention of giving aid or assistance to said Sellers, as to afford the same if occasion should require it."

In the first instruction the guilt of defendant of murder or manslaughter, according to the circumstances under which the homicide occurred, was put upon the hypothesis "that Samuel Sellers, whom the defendant True, being present, encouraged, aided or abetted, shot and killed said Robertson, not in his self-defense, as explained in the second instruction."

That instruction, the first, except so far as it seemed to assume the presence and acts mentioned of defendant True, is unobjectionable; for the words "encourage, aid or abet" mean or imply the will of a person has contributed to the act actually committed by another, and fully and accurately describe an accessory before the fact, if he is too far away to aid in the felonious act, or a principal in it if near enough to

aid. And so the words, counsel, advise or assist, may be, and frequently are, used to describe the offense of a person who, not actually doing the felonious act by his will, contributes to or procures it done, and thereby becomes a principal or accessory, according to the situation he may be in at the time. But the words "approve of" and "consent to" do not, singly or combined, express the, idea of willful contribution to or procurement of a felonious act, which is necessary to constitute guilt. For a person may be present and heartily approve of an act after it is done without being at all willing to or capable of aiding, advising or procuring it done, especially if it be felonious; or he may consent in the sense of offering no resistance to commission of it, without the slightest contribution to it by his own will.

It seems to us the instruction must have been necessarily misleading, and, therefore, prejudicial to the substantial rights of the defendant. And the judgment is, therefore, reversed for a new trial, and further proceedings consistent with this opinion.