[No. 11813.   Department Two.   June 20, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. JESS PEASLEY, *Appellant*.[1]

CRIMINAL LAW—PRINCIPALS—AIDING AND ABETTING—WHAT CONSTITUTES—"ASSENT"—INSTRUCTIONS. It is error to instruct that one jointly informed against for grand larceny may be convicted if the property was taken by his codefendants with his aid "or assent"; in view of Rem. & Bal. Code, § 2260, which predicates the aiding and abetting of the commission of an offense upon the overt acts of aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring the commission thereof; since mere assent to an act is a mental attitude and does not imply contribution or expressed concurrence.

CRIMINAL LAW—TRIAL—INSTRUCTIONS. An erroneous instruction authorizing a conviction of grand larceny if the defendant "assented" to the commission of the act, is not cured by a subsequent correct instruction which also authorizes his conviction if he actively participated or contributed to the crime by his own act in aiding his confederate.

Appeal from a judgment of the superior court for King county, Ronald, J., entered September 20, 1913, upon a trial and conviction of grand larceny. Reversed.

*William R. Bell* (*John F. Dore*, of counsel), for appellant.

*John F. Murphy, Crawford E. White*, and *Reah M. Whitehead*, for respondent.

MORRIS, J.—Appellant was joined with two others in an information charging grand larceny. He was tried separately and, having been convicted, appeals.

The only error we are disposed to notice is an exception to an instruction given to the jury, and since this raises a question of law only, no attention will be given to the facts. The instruction complained of is this:

"To convict the defendant it is not necessary that you should find that he personally stole the money of Soter, if the same was stolen, but if it was taken by either of his

[1]Reported in 141 Pac. 316.

co-defendants with his aid *or assent*, with intent to deprive said Soter thereof, then he would be just as guilty as though he himself had taken it."

We cannot sustain this instruction. Our statute on aiding and abetting, Rem. & Bal. Code, § 2260 (P. C. 135 § 15), reads as follows:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

Each of the words used in this statute upon which a criminal charge can be predicated signifies some form of overt act; the doing or saying of something that either directly or indirectly contributes to the criminal act; some form of demonstration that expresses affirmative action, and not mere approval or acquiescence, which is all that is implied in assent. To assent to an act implies neither contribution nor an expressed concurrence. It is merely a mental attitude which, however culpable from a moral standpoint, does not constitute a crime, since the law cannot reach opinion or sentiment however harmonious it may be with a criminal act. *State v. Douglass*, 44 Kan. 618, 26 Pac. 476; *White v. People*, 81 Ill. 333; *Plummer v. Commonwealth*, 1 Bush (Ky.) 76; *State v. Cox*, 65 Mo. 29; *True v. Commonwealth*, 90 Ky. 651, 14 S. W. 684; *Clem v. State*, 33 Ind. 418.

The state contends that, in giving a subsequent instruction, the defect in this instruction was cured, under the rule that the instructions are to be read as a whole in deter-

mining whether or not prejudicial error has been committed. This second instruction is as follows:

"If Soter left the money which he claims he left in a box in charge or custody or control of this defendant, and if the defendant with intent to deprive or defraud Soter thereof took it himself or aided either of his co-defendants to take it, then you will find the defendant guilty of grand larceny. But if he gave it back to Soter or disposed of it according to Soter's orders and directions, then he is not guilty."

This instruction is correct, but it does not cure the error in its predecessor, for here the court limits the appellant's contribution to the crime to either his own act or aiding his confederate; while in the former he includes both these acts, which include active participation in the crime charged and also the assent of the appellant as sufficient to include guilt. So that, when read together, the jury are told it is sufficient to find that appellant personally took the money, or aided his codefendants in taking it, or assented to his codefendants taking it.

There is no rule under which this error can be overlooked, and the judgment is reversed and the cause remanded for a new trial.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.