[No. 22031. Department Two. January 2, 1930.]

A. J. MAHAN, *Respondent*, v. O. H. SPRINGER *et al.*,
*Appellants.*[1]

*J. E. Stone,* for appellants.
*W. H. Sibbald,* for respondent.

FRENCH, J.—This is the second appeal in this case,
the first being reported in 150 Wash. 510, 273 Pac. 533.

The respondent, A. J. Mahan, contracted with the ap-
pellant O. H. Springer to erect for him a building in
Longview, Washington. The contract price of the
building was $40,510. After the building was erected,
this action was brought to recover damages for failure
to comply with the plans and specifications. The de-
fects complained of were, generally, that the concrete
in the building had not been properly mixed; that the
waterproofing provided for in the plans and specifica-

[1]Reported in 283 Pac. 667.

tions had not been applied as therein provided; that certain floors had not been laid in accordance with the specifications; that the windows had not been constructed in accordance with the plans; that the painting job was improper; that the glass was not double-strength glass as provided for in the contract, and generally the building had been poorly constructed instead of being constructed in accordance with the plans and specifications which called for the erection of a first class building.

From a judgment which, in effect, awards plaintiff $2,000 in damages, this appeal follows.

It is at once apparent that the defects in the building of which the complaint is made in this action are not such as can be easily remedied. We have held that, where there is a substantial compliance with the contract in cases of this kind, the measure of damages to the owner is what it would cost to remedy these defects, but that, where there is not a substantial compliance and where to remedy the defects it is necessary to tear down and rebuild large portions of the structure, the measure of damages is the difference between the value of the building as constructed and its value if it had been constructed in accordance with the contract. *White v. Mitchell,* 123 Wash. 630, 213 Pac. 10, and cases therein cited.

The only error of which complaint is made on this appeal is the admission of the testimony of witnesses McPherson and Smith. Mr. McPherson, being called as a witness by respondent, qualified as a licensed architect, having had a number of years experience practicing his profession in Longview and its immediate vicinity. Mr. Smith qualified as a contractor and builder, having likewise had considerable experience in the erection of buildings in the state of Washington, and a number of years' experience as a

contractor and builder in the immediate vicinity of Longview. Neither of these men qualified as having any knowledge of real estate values, and complaint is made that their testimony was inadmissible by reason of the fact that they failed to qualify as real estate experts. No question is raised as to the qualifications of these two witnesses in their particular lines of work, it being the contention of appellants that these men could not testify as to the difference in value of the building as erected and what the value would have been had it conformed to the plans and specifications. It is seemingly the contention of appellant that only a real estate expert could so testify.

We are unable to follow counsel in this argument. The value of the real estate on which the building was erected was not in question. The only question before the court was the value of the building as erected, and what its value would have been had it been erected according to the plans and specifications. It must be remembered that this building generally conformed to the plans of the building called for. The complaint was concerning the character of the work performed, and the quality of the material used, not that an essentially different building had been constructed, but that inferior materials had been substituted, and that the materials used had not been properly installed, and that the results obtained, while to outward appearances in many ways seemed to be as called for by the plans and specifications, were, because of the inferior materials used and the defective workmanship, the cause of a serious loss. Matters such as these were peculiarly within the knowledge of architects and, builders. It seems to us that an architect or builder would be better able to estimate the difference in value between a building constructed of proper materials and in a good and workmanlike manner and one con-

structed of cheap materials and in a shoddy manner, than any other character of witness. To the casual eye and to outward appearances, the buildings might be the same, but an expert architect or builder would immediately detect where good materials had been used and where shoddy had been substituted. That such witnesses should be allowed to testify, see *Tebbetts v. Haskins,* 16 Me. 283; *Woodruff v. Imperial Fire Insurance Co.,* 83 N. Y. 133.

We find no error in the record.

Affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and MAIN, JJ., concur.