[No. 38853.     Department Two.     April 27, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN B. REDDEN, *Appellant*.*

*Reported in 426 P.2d 854.

148

*Stubbs, Batali, Combs & Small,* by *H. Frank Stubbs,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

HUNTER, J.—This is an appeal by the defendant (appellant), John B. Redden, from a conviction of robbery and sentence entered thereon. The defendant was one of four people (three men and one woman) involved in the robbery of Paul Dillinger, the proprietor of the Little Park Cafe in Pierce County, on June 10, 1965. The two other men were tried separately and their convictions were affirmed by this court in *State v. Jones,* 70 Wn.2d 591, 424 P.2d 665 (1967). The woman, Leanne Jones, pleaded guilty to the charge and after serving 5 months in jail received a suspended sentence. She testified for the state in the trial of the defendant. The facts of the robbery, insofar as material to this appeal, are as follows:

On the day of the robbery, the four people charged agreed to commit the crime. It was decided that two of the men, Richard Jones and John Ringwood, were to carry the two weapons, although one of the guns, a .22 caliber pistol, was passed back and forth between the defendant and Ringwood prior to the robbery. The four entered the Little Park Cafe at about 8 o'clock that evening; discovered that two state patrolmen were in the cafe, and left after being advised by a waitress that the cafe had no facilities for serving cocktails. They decided to return about an hour later and did so about 9 o'clock. They ordered dinner but didn't pay for it since none of them had any money. After finishing their meal, Leanne Jones and the defendant left the cafe and waited for their companions in the car. The two men remaining robbed Mr. Dillinger and fled in the car

with Leanne Jones and the defendant. Remaining together, they drove some distance, stopped, changed clothes and the license plates on the car. Leanne Jones then divided the money (about $280) equally among the men and kept some herself.

From a description of the car, the police were able to apprehend the four about 8 miles from the cafe. At the time of arrest, the police searched the suspects and recovered $286 from them; defendant Redden had about $85 on his person. Officers found two guns in the automobile: a sawed-off M-1 carbine and the .22 caliber pistol, both with full clips of ammunition and live shells in the chambers. The police also discovered sixteen .22 caliber cartridges in their search of the defendant.

The defendant first contends that the trial court erred in allowing the accomplice, Leanne Jones, to testify that she had been charged with and convicted of the crime of robbery based on her plea of guilty to the charge. He argues that the introduction of this fact, by the state, constituted impeachment of its own witness; and improperly let the jury believe that the witness, having been convicted, must now be telling the truth on the stand.

In *State v. Long,* 65 Wn.2d 303, 396 P.2d 990 (1964), we held that it was proper for the state to show that a witness for the state, an accomplice in the crime, had pleaded guilty before the trial and had been sentenced, at the time testimony was given. We stated:

> In our opinion, the jury, in order to be able to intelligently evaluate Jennings' testimony as an accomplice pursuant to the court's instructions . . . was entitled to be told the true facts regarding his status with respect to the charges. 65 Wn.2d at 311.

The reasoning in *Long* is applicable to the instant case. Moreover, the record discloses no evidence whereby the jury could be misled in any respect by the state's introduction of facts regarding the status of the witness under the law. Defense counsel was allowed to thoroughly cross-examine the witness relative to her previous inconsistent

statements, and her possible bias or interest in the case due to the leniency in her sentencing. In addition, the trial court carefully instructed the jury as to the care and caution it should exercise in evaluating the testimony of this witness. Considering these precautionary safeguards, the trial court properly allowed the witness to testify regarding the criminal proceedings taken against her.

The defendant next contends that the trial court erred in instructing the jury as to who could be found to be a principal under the aider and abettor statute, RCW 9.01.030. He argues that the formula instruction, largely phrased in the words of the statute, was too broad and did not apply to the facts in issue; without an additional instruction to the jury that intention alone was not enough and that there must be some overt act shown to have been taken by the defendant. We disagree.

█ Under the aider and abettor statute a person may be charged as a principal whether present or absent at the commission of the crime, if directly or indirectly he counsels, encourages, hires, commands, induces or otherwise procures another to commit a crime.

Under the facts of this case, the jury was properly instructed that the defendant might be considered a principal if it found that he directly or indirectly aided and abetted in the commission of the crime. A separate instruction, requiring the finding of an overt act, was unnecessary; since the instruction, as given, details what acts constitute aiding and abetting under the statute; which acts themselves signify some form of overt act in the doing or saying of something that either directly or indirectly contributes to the criminal offense.

The defendant contends the trial court erred in submitting to the jury a special finding of fact and special verdict as to whether the defendant was armed with a deadly weapon at the time of his offense. He argues that the effect of the two instructions given, and the special verdict form, were calculated to prejudice the defendant; in that, there was no evidence or any reasonable inference from the testi-

mony that the defendant was armed with a deadly weapon. We disagree.

RCW 9.95.015 requires that if a jury trial is had on a criminal matter, the jury shall, if it finds the defendant guilty, also find by special verdict whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime. The requirement of the special verdict arises if there has been an allegation and evidence establishing that the accused was armed with a deadly weapon.

█   While no allegation appears in the information charging the defendant as being armed with a deadly weapon, there was evidence in the record to the effect that the .22 caliber pistol, used in the robbery, was passed between the defendant and Ringwood, and was found by officers at the time of arrest near where the defendant was seated in the back seat of the automobile. We believe this evidence, considered with the evidence showing he aided and abetted as principal in the commission of an armed robbery, justified the submission of the special finding on the issue of whether he was armed at the time of his offense. Moreover, the jury, by finding he was not so armed, resolved the issue in the defendant's favor and no prejudice resulted to him by this determination.

By his final assignment of error, the defendant contends that the trial court erred in giving its instruction on the limited use of circumstantial evidence in its consideration by the jury. The pertinent portion of the instruction reads as follows:

> The facts and circumstances relied upon *should* be consistent with each other, and with the guilt of the defendant. They *should* be inconsistent with any reasonable theory of innocence. They *should* be of such character as to exclude every reasonable hypothesis other than that of guilt. (Italics ours.)

The defendant argues that the use of the word "should" in the instruction instead of the word "must" did not properly limit the effect of the instruction in the minds of the jurors; and that, as a matter of law, the instruction should have

been mandatory in form, requiring the jury to consider the evidence on the basis as directed in his proposed instruction.

■■ The test of an instruction is not a matter of semantic difference, but rather whether the jury was misled as to its function under the law. *State v. LaPorte*, 58 Wn.2d 816, 365 P.2d 24 (1961). Under this test we have approved both forms of this instruction on circumstantial evidence. See *State v. Fry*, 39 Wn.2d 8, 234 P.2d 531 (1951) and *State v. Long*, 44 Wn.2d 255, 266 P.2d 797 (1954). In such cases, the difference in the wording of the instructions has been due largely to the extent of circumstantial evidence relied upon by the state to support its charges. We therefore have held that where the state relies completely on circumstantial evidence, the "must" usage is to be used. *State v. Siemion*, 54 Wn.2d 17, 337 P.2d 715 (1959); *State v. Weaver*, 60 Wn.2d 87, 371 P.2d 1006 (1962).

In the instant case, the record discloses that the circumstantial evidence relied upon; *i.e.*, the possession by the defendant of sixteen .22 caliber cartridges and $85 in cash, were circumstances consistent only with the guilt of the defendant. The direct evidence in the case established that the defendant had no money prior to the robbery; that he had participated in the planning of the crime and had passed the .22 caliber gun back and forth with another participant; that while he had not participated in the actual robbery, he had been present at the scene just prior thereto and had fled with the actual participants; and finally that he had shared in the money taken before being apprehended with the others by the police. Since the defendant advanced no theory consistent with innocence that would support any reasonable hypothesis that this evidence should be considered by the jury in any other respect, we must conclude that the jury was not misled as to its function under the instruction given.

The judgment and sentence entered by the trial court is affirmed.

FINLEY, C. J., DONWORTH, J., and ARMSTRONG, J. Pro Tem., concur.