[No. 59-40428-1.    Division One.    October 22, 1969.]
Panel 1

THE STATE OF WASHINGTON, *Respondent*, v. FRANCIS CLAYTON
PALMER, *Appellant*.

*McDonnell & Alfieri* and *James A. Alfieri,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *Herbert L. Onstad, Deputy,* for respondent.

SWANSON, J.—Appellant Palmer and Donald McKenzie were jointly charged with second degree burglary. McKenzie pleaded guilty. Palmer, waiving a jury, was tried by the court, convicted, and sentenced. He appeals.

■ Appellant contends the trial court erred in admitting into evidence exhibit 5 (consisting of nine bottles of drugs, syringes, and hypodermic needles) because of insufficient evidence that these items came from the burglarized drugstore. We disagree. The items in exhibit 5 were found in a canvas bag[1] along with burglar tools near a 2-foot by 1½-foot hole in the store roof. The drug store pharmacist recognized the contents of exhibit 5 as part of the drugstore stock from the labels, code numbers, and writings thereon. However, the pharmacist conceded he was not at work on the day of the burglary and his knowledge of sales on that day was derived from a record prepared by another. From this appellant argues that the pharmacist's testimony that such items were a part of the store's merchandise was based on hearsay and were thus insufficiently identified and inadmissible. This contention is without merit. It was relevant and material to prove commission of the crime charged. In a case directly in point the Washington Supreme Court said:

Evidence thus material to any issue, if under no excluding disability, is admissible. Its cogency and the degree to which it elucidates the facts in issue become then a matter of the weight to be given it by the trier of the facts. All of the items challenged by the first assignment of error in the instant case met these tests and were properly admitted under the decisions of this court.

[1]The canvas bag, ex. 2, was found lying next to the hole in the roof of the Giant "T" Drugstore. No error is assigned to its admission.

*State v. Gersvold,* 66 Wn.2d 900, 903, 406 P.2d 318 (1965).

█ The court admitted into evidence one-half of the walkie-talkie set, exhibit 11, found on the roof of the drug-store, with its aerial extended. It was not merchandise from the store. Appellant contends that one portion of a set is useless and thus could not be an instrumentality used in the crime. Again we disagree. The inference is proper and reasonable that the walkie-talkie was brought onto the roof by the defendants as part of their protective equipment. It is well settled that tools and instruments used in the commission of a crime, or about which there is sufficient evidence to infer they were or may have been used in the commission of a crime, are admissible into evidence. *State v. Westphal,* 62 Wn.2d 301, 382 P.2d 269 (1963); *State v. Craig,* 59 Wn.2d 266, 367 P.2d 617 (1961); *State v. Dinges,* 48 Wn.2d 152, 292 P.2d 361 (1956); *State v. Taylor,* 159 Wash. 614, 294 P. 260 (1930).

Finally, appellant argues that it was error to deny his challenge to the sufficiency of the evidence and motion to dismiss at the close of the state's case.

Palmer argues that even though there was proof McKenzie broke and entered the drugstore, there was no evidence in the record to show that he had broken through the roof or had entered the drugstore. Appellant argues that the state's case must stand or fall on the provisions of RCW 9.01.030.[2]

Asserting this, appellant looks at the conviction requirements under the statute and cites *State v. Peasley,* 80

---

[2]RCW 9.01.030 *Principal defined.* Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him.

Wash. 99, 141 P. 316 (1914), for the proposition that the statute requires some overt act. In *Peasley* the court was concerned with an instruction stating if money was stolen with the co-defendant's aid or assent a conviction could be sustained under the statute. It was held that this instruction was fatally defective, since "[t]o assent to an act implies neither contribution nor an expressed concurrence." *Peasley,* 80 Wash. at 100. Clearly, a mere mental attitude is not sufficient. But the overt act requirement should be read in light of what was said in *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967), a case also relied on by appellant.

In *Redden* the defendant appealed from a conviction of robbery. It was contended that the court erred in giving an instruction phrased in the statutory language of RCW 9.01.030. In upholding the instruction the court defined what sort of overt act is required.

> A separate instruction, requiring the finding of an overt act, was unnecessary; since the instruction, as given, details what acts constitute aiding and abetting under the statute; which acts themselves signify some form of overt act in the doing or saying of something that either directly or indirectly contributes to the criminal offense.

*State v. Redden, supra* at 150.

Nor does *State v. Barry,* 43 Wn.2d 807, 264 P.2d 233 (1953), support appellant's contention. *Barry* deals with the admissibility of evidence in the trial of one charged under the aiding and abetting statute. It does not concern the elements of aiding and abetting.

██ Appellant asserts that mere presence at the scene of a crime will not sustain a conviction. As far as it goes, this is a correct statement of the law. 22 C.J.S. *Criminal Law* § 88 (2)d.

> [I]n order for a person to be an aider or abettor by his presence, he must be ready to assist or must assist the perpetrator of the crime by his presence.

*State v. Aiken,* 72 Wn.2d 306, 349, 434 P.2d 10 (1967). In

other words, presence must be coupled with an overt act as discussed above.

■■ As stated in *State v. Higgins,* 67 Wn.2d 147, 149, 406 P.2d 784 (1965):

> A challenge to the sufficiency of the evidence imposes upon the trial court only the duty to determine whether the evidence is sufficient to carry the case to the jury. The challenge is met if the court finds substantial evidence to support all elements of the crime charged.

Was there substantial evidence that the appellant aided or abetted McKenzie in the latter's commission of the burglary? Obviously the evidence against appellant was circumstantial. A criminal case, as any other, may be proved by circumstantial evidence which has the same probative effect as direct testimony. *State v. Bennett,* 6 Wn.2d 208, 107 P.2d 344 (1940). The review given to circumstantial evidence was defined in *State v. Dugger,* 75 Wn.2d 689, 690, 453 P.2d 655 (1969), as follows:

> It is well established in this state that the scope of an appellate review of the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced *substantial evidence* tending to establish circumstances from which the jury could reasonably infer the fact to be proved. [Citing cases.] In so doing, the court does not weigh the evidence but merely examines its sufficiency.

What was the evidence produced in this case? The drugstore was locked at 11:30 p.m. The deputy sheriff received a burglar alarm call at 11:45 p.m. When the store manager and two officers entered the store they heard running and jumping on the roof. Later they saw the figure of a man on the roof. The appellant was arrested on the roof of the Albertson's store adjacent to the drugstore. The officers found a hole about 1½ feet by 2 feet in the drugstore roof. Near this hole on the roof were burglar tools, bottles of drugs, syringes, hypodermic needles, a store cash box, a roll of dollar bills, and part of a walkie-talkie set. McKenzie was arrested inside the store. Only 25 minutes elapsed from the time the store closed until the officers

arrived and surrounded the building complex. When arrested, appellant claimed he was sleeping on the roof which was wet with standing water. This is the evidence, the truth of which appellant admitted by his challenge.

> A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the evidence of the party against whom the challenge or motion is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger or movant party and in the light most favorable to the opposing party.

*State v. McDaniels*, 30 Wn.2d 76, 88, 190 P.2d 705 (1948); *State v. Lutes*, 38 Wn.2d 475, 230 P.2d 786 (1951); *State v. Uglem*, 68 Wn.2d 428, 413 P.2d 643 (1966). The reasonable inferences from this evidence indicate that Palmer was not only at the scene but on the rooftop running and jumping. It may be reasonably inferred that he participated in using the walkie-talkie as a protective device, helped carry burglar tools onto the roof and make the hole, and then assisted McKenzie's entry through the roof and ceiling into the drugstore below. The only plausible purpose for Palmer's presence on the roof was to aid McKenzie. This is substantive evidence making out a prima facie case. Appellant's challenge was properly denied.

Further, in considering a finding of guilt based solely on circumstantial evidence, our court has stated the rule to be:

> The circumstantial evidence upon which a verdict of guilty can be sustained must be consistent with the hypothesis of guilty and inconsistent with any reasonable hypothesis or theory establishing, or tending to establish, innocence.

*State v. Dugger, supra* at 705. Can it be said that this evidence is consistent with any reasonable hypothesis or theory establishing, or tending to establish, innocence? We believe not. To believe appellant's statement that he was sleeping on the roof would tax the credulity of the most naive. In denying the motion to dismiss, and finding de-

fendant guilty, the court elected to give weight and credence to the testimony of the state's witnesses. In so doing, the court was performing a function assigned to it under our judicial process and one with which we may not interfere under the record brought before us. *State v. Bell*, 59 Wn.2d 338, 368 P.2d 177 (1962); *cf. State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965); *State v. Reynolds*, 51 Wn.2d 830, 322 P.2d 356 (1958).

The formidable array of circumstantial evidence points in one direction only—toward appellant's complicity. The circumstantial evidence upon which this conviction rests is substantial, and the trial court must be affirmed.

JAMES, C. J., and FARRIS, J., concur.

---

Petition for rehearing denied November 10, 1969.