[No. 313-1.    Division One—Panel 2.    November 16, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD PETER
SLATER, *Appellant*.

*Ralph Alfieri*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, for respondent.

UTTER, J.—Edward Peter Slater was charged, together with another, with the crime of burglary in the second degree. He was convicted and appeals. Three questions are raised by his multiple assignments of error. These are whether the court properly allowed as part of the charge and evidence in the case reference to the acts of another person; whether evidence relating to the commission of the

burglary by the other person was properly admitted; and whether the evidence in the case was sufficient to justify conviction of the defendant on proof of aiding and abetting the commission of the burglary. We hold the trial court properly allowed the evidence of the presence and acts of the other person into evidence and find the evidence justified the submission of the case to the jury.

Slater, by appropriate motions, challenged the sufficiency of the evidence. The evidence, viewed in a light most favorable to the state, shows that at 12:30 a.m. Slater was observed as he left his car parked on a street next to the Ballard Community Hospital, and then walked straight to the pharmacy window. He placed his hands in various positions on the window and appeared to be looking inside the open window. This activity continued for approximately 5 minutes. He then returned to his automobile and was later observed again walking by and looking into the boiler room window of the hospital. Slater again returned to his car and on three separate occasions lowered himself out of sight when cars passed by. When a police car arrived, the defendant started the engine of his car.

Upon the arrival of police officers, the door to the pharmacy, located inside the hospital, was opened and an unidentified person ran from between the pharmacy doors, escaping apprehension. Earlier in the evening, all doors and windows of the pharmacy had been locked. An examination of the building showed fresh damage to the pharmacy window with the steel bar at the middle of the window broken and two bars at the bottom of the window, which allowed the window to be opened, also broken. A pry bar was found just inside the partially broken and opened window on the windowsill and fresh damage was observed on the outside of the window. An examination inside the pharmacy indicated articles had been moved from their previous location. A fork, a sedative and a flashlight were found, together with a pharmacist's coat, directly under the damaged window. The sedative was moved from its location in the storage area in the pharmacy, and the flashlight and fork did

not belong in the pharmacy. Testimony was introduced which indicated the fork could have been used to release the lock on the pharmacy door. The state charged Slater as a principal and instructed the jury he could be found guilty if he was an aider and abettor. No exception was taken to that instruction.

Under RCW 9.01.030[1] and the cases interpreting that statute, a person may be charged as a principal whether present or absent at the commission of the crime, if he directly or indirectly counsels, encourages, hires, commands, induces, or otherwise procures another to commit a crime. *State v. Redden,* 71 Wn.2d 147, 150, 426 P.2d 854 (1967).

■■ When the state relied on proof of aiding and abetting to sustain their charge against Slater as a principal, they were required to prove that a crime had actually been committed, as well as the fact that Slater aided and abetted in its commission. Evidence which would be admissible against the principal if tried alone may be admitted in evidence on the trial of the aider and abettor in order to prove the principal crime was committed. *State v. Barry,* 43 Wn.2d 807, 814, 264 P.2d 233 (1953). The prosecution of the third person is not a prerequisite to the prosecution of the aider and abettor. *State v. Kelly,* 46 Wn.2d 594, 283 P.2d 684 (1955). The court acted properly in its ruling on the information and admission of evidence.

■ Slater lastly challenges the sufficiency of the evidence to sustain his conviction on circumstantial evidence. The jury was not required to find Slater committed a specific overt act in the burglary. The instruction given, indicates what acts constitute aiding and abetting under the statute, and the acts themselves signify some form of overt

---

[1]"9.01.030. *Principal defined.* Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such."

act in the doing or saying of something which either directly or indirectly contributes to the criminal offense. *State v. Redden, supra. State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914), relied on by the defendant, is not in point. There the court properly held an aiding and abetting instruction which would allow the jury to convict the defendant if he only assented to the commission of the crime was improper. The instructions in this case and the charge to the jury contained no such language.

■ The hour at which the burglary occurred, the furtive actions of the defendant, the presence of marks outside the window, the location of the pry bar near to the window and the proximity of the sedative to the window are all factors constituting substantial evidence from which the jury could have made its determination of guilt. Under the holding in *State v. Dugger,* 75 Wn.2d 689, 453 P.2d 655 (1969), a challenge to the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced substantial evidence tending to establish circumstances from which the jury could reasonably infer the fact to be proved. The case was properly submitted to the jury. We do not find the alleged error occurring during the course of trial deprived Slater of his right to a fair trial.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied December 17, 1970.