**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arturo GARAY and Jose Medrano Torres, Defendants-Appellants.**

**No. 72-3537.**

United States Court of Appeals, Fifth Circuit.

May 14, 1973.

Joseph J. Rey, El Paso, Tex., for defendants-appellants.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

■ Garay and Torres appeal from their jury-trial conviction for possession of approximately fifty-two pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841. Aside from two contentions that we view as meritless,[1] appellants argue that the trial court erroneously overruled their motion to suppress the marijuana and certain airline tickets, boarding passes, and baggage checks admitted against them. Finding that the marijuana was secured through an unlawful search, we reverse the convictions.

The events culminating in appellants' arrest began on June 8, 1972, when a United States Customs Agent in Detroit notified Customs Agent Compton in El Paso that appellant Torres, a suspected narcotics trafficker, would soon transport a quantity of narcotics from El Paso to Detroit. The following day Compton went to El Paso International Airport, where he learned that Torres and appellant Garay had made reservations together to fly to Detroit that day. By the time Compton made this discovery, Garay had already departed alone for Detroit; Compton observed Torres take a later flight to Detroit. Later that day, Customs Agent Yankowski watched Torres deplane in Detroit, and observed him waiting in the terminal building until Torres received a message over the public address system to "contact A. Garay or call A. Garay." Torres returned to El Paso on June 13, 1972, and customs agents established intermittent surveillance of his activities there.

At about 2:45 p. m. on June 21, 1972, appellant Garay entered the El Paso International Airport carrying two suitcases. He purchased tickets for himself and appellant Torres for a Continental Airlines flight departing for Detroit via Chicago at 2:55 p. m. Carrying the suitcases, he hurried to the departure gate, but missed the 2:55 flight. The ticket agent who sold him the tickets observed him leaving the airport shortly thereafter without the bags; presumably, he had checked them at a baggage area near the departure gate.

At 3:45 that afternoon, Agent Compton and five other customs agents arrived at the airport, having received word from a border patrolman stationed there that appellants Garay and Torres were preparing to return to Detroit. They had no warrants authorizing an arrest or search of appellants; but prior to their arrival at the airport they had telephoned a United States Magistrate in El Paso, informing him of the results of their investigation, and telling him that appellants' imminent departure made it imperative to proceed without a warrant. The Magistrate agreed, and assured the agents that there was probable cause to conduct a search.

Later that evening appellant Garay entered the airport carrying a ticket, a boarding pass, and the baggage checks for the suitcases he had left at the departure area, and walked briskly toward the Continental Airlines boarding area where a flight was to depart momentarily for Detroit. Minutes later appellant Torres entered carrying his ticket. Compton and the other agents detained

[1]. These contentions are (1) that the indictment was invalid because it was returned three days before laboratory tests definitely established that the substance in question was marijuana, and (2) that the trial court erroneously admitted prejudicial hearsay testimony.

appellants, and took the tickets, boarding passes, and baggage checks from them. By this time the two suitcases had been loaded aboard the plane. A Continental employee removed them from the plane and gave them to Compton,[2] who opened them and discovered that they contained a substance later determined to be marijuana. Appellants were then formally arrested.

■ ■ Appellants contend that the warrantless search of the suitcases which yielded the marijuana was invalid under the Fourth Amendment. Subject only to a "few specifically established and well-delineated exceptions," searches conducted without the prior issuance of a warrant are *per se* unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The burden of demonstrating the availability of an exception to the warrant requirement is on the party seeking to validate the warrantless search. Coolidge v. New Hampshire, 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971). The Government, relying on Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), seeks to bring the instant case within the "exigent circumstances" exception by arguing that, at the time the border patrolman first informed the agents that appellants were preparing to return to Detroit, prompt action was required lest appellants depart for Detroit with the suitcases, thereby foreclosing any opportunity for a search.

■ While the exigencies of the situation may well have justified the warrantless detention of appellants, they cannot validate the search of the suitcases made at a time when appellants were under restraint, if not under formal arrest. At that point, appellants were incapable of concealing or destroying the suitcases or their contents. Nor was there any significant probability that the suitcases would escape search by being moved to Chicago or Detroit aboard the airplane, for the officers, through their possession of the baggage checks identifying the suitcases, had effective control over their movement. Even if the officers had been unable to retrieve the bags before the plane departed El Paso, they could have arranged with agents in Chicago or Detroit to intercept the bags there. Thus, the mobility of the bags at the time of seizure does not bring the instant case within the doctrine of *Carroll, supra,* because their mobility was at all pertinent times subject to the control of the arresting officers. In short, the officers could and should have held the bags until they obtained a warrant authorizing an examination of their contents.

Because the marijuana introduced at trial was the product of an unlawful search, the judgment is reversed and the case remanded for further proceedings.

2. Testimony at trial did not establish whether the airline employee removed the suitcases at the direction of the customs agents. Nevertheless, the only reasonable hypothesis under these circumstances is that the agents directed him to remove the suitcases, which they identified by means of the baggage checks they had taken from appellants. The Government does not contend otherwise. Moreover, it is undisputed that the actual search of the suitcases was conducted solely by Government agents. The instant case therefore does not present the question whether the search was conducted by private citizens and thus was immune to Fourth Amendment restraints. *See, e. g.,* Corngold v. United States, 9th Cir. 1966, 367 F.2d 1.