[No. 1752-1.    Division One.    July 30, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JACK MARTIN KERENS, *Appellant*.

*Terrence A. Carroll*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney*, and *Tricia A. Smith, Deputy*, for respondent.

SWANSON, C.J.—Jack Martin Kerens was found guilty of violating the Uniform Controlled Substances Act by the

court sitting without a jury. He appeals from the judgment and sentence.

Appellant's primary argument on appeal is that the trial court erred in refusing to grant his motion to suppress the evidence obtained by search of his person. This evidence consisted of 98 gelatin-like squares of LSD which the police found in his back pocket during a search at the police station. The booking search at the station followed an arrest on a warrant which was found to be outstanding when appellant was stopped and questioned about his part in a hitchhiking episode.

The main thrust of appellant's argument is that his detention by the police while a warrants check was being made, which resulted in his arrest and search, was illegal because the police stopped him without any reasonable basis to support a belief that he was committing, or was aiding or abetting another in committing, a crime. Consequently, he asserts that the LSD found in his possession was the product of an unlawful search and should have been suppressed.

The evidence presented to the trial court on the motion to suppress was essentially to the effect that on April 7, 1972, two Seattle police officers observed the appellant and one Michael Berg walking southbound on Aurora Avenue in Seattle, Washington. Michael Berg was walking in the street admittedly hitchhiking.[1] The appellant was also walking southbound on Aurora Avenue on the sidewalk very close to the curb, side by side with Berg and only 2 or 3 feet from him. Officer Fitzgerald testified, when asked to describe their progress as they walked:

A   As they walked south Mr. Berg was in the curb lane of 10300 block walking backwards, Mr. Kerens was walking on the sidewalk very close to the curb. They were looking this way, side by side, but separated by two or three feet as they proceeded south. There was a car or two, I'm not sure how many cars there were parked in the curb lane, Mr. Berg had to remount the sidewalk to

[1] RCW 46.61.255, which permits hitchhiking under certain circumstances, did not become effective until May 23, 1972.

pass the cars to avoid walking out into the traffic lane. At that time he was side by side, both of them facing south, walking south on the sidewalk. As they crossed over 104th into the 10300 block Mr. Berg again stepped into the street and began walking backwards again. As we approached them, Mr. Berg, as we felt, saw us coming. From his actions it appeared that he saw us coming, stepped back up onto the sidewalk and again was walking side by side with Mr. Kerens southbound. Q  Is there any question in your mind as to whether or not they were together? A  No, there wasn't. Q  Were they ever more than two or three feet separated by distance? A  No, I would say they weren't.

Kerens was asked on direct examination:

Q  What happened when they pulled over? A  They asked Mike Berg for his identification and I just was walking away and he asked me. Let's see, I think he asked me if I was with him, and I said yes. He asked me if I knew him and I said yeah, I knew him, and he said, well then you're with him and then he took my identification.

Berg was given a citation for hitchhiking, but Kerens received only a verbal warning. The police detained the two men for about 5 minutes while a warrants check was performed and the citation to Berg was being written. The warrants check revealed that Kerens had an outstanding warrant whereupon the police officers arrested him and took him to jail. He was searched at the time of booking, and during the course of this search the police found the LSD in his pocket.

■   Kerens was brought to trial on the charge of possession of LSD. Prior to trial, defense counsel moved to suppress the evidence of LSD found on appellant's person on the ground that the detention and subsequent search of appellant was illegal because the police stopped him without probable cause to believe he was committing, or had been involved in, a crime. The trial judge denied the motion and found that appellant was aiding and abetting Berg in the commission of a misdemeanor in the presence of the police officers, *i.e.*, hitchhiking. We agree. The police

officers had probable cause to stop both Berg and Kerens, and it is a proper and reasonable procedure under such circumstances for police to run a warrants check so long as the time involved in so doing is reasonable and the invasion of privacy minimal. The trial judge explained the basis for his decision in his oral opinion:

This is the way I feel about this case. These two young men were hitchhiking. It is true that the defendant's partner was doing the actual soliciting for the ride. They had been left off at the corner of 105th and Aurora. They wanted to go to Capitol Hill. One man was attempting to get a ride for both of them. That ought to be quite obvious. The little portion that the defendant said that he didn't want to hitchhike was stricken. It was quite apparent that if someone stopped there that one would not leave the other, they would go together.

Now, in law, anyone who aids another in commission of any crime, however a minor crime, becomes a principal, so that actually the defendant became a principal in this attempt to hitchhike. That is a matter which is forbidden under the city ordinance, as I understand it, under state law, or was at that time, so that the officers had a right to arrest both of them for hitchhiking.

The fact that the defendant was only warned that he was liable to be arrested and asked to come over to the car and identify himself seems to me to be one of those cases where the officers were merely trying to do their job as police officers. In minor cases of this kind they can warn somebody who might not know that he was responsible in the matter and let him go. But certainly it would be a wise precaution in such a case to see if actually there was a warrant outstanding for his arrest.

Thereafter, written findings of fact were entered which state:

That at about 6:45 p.m. on April 7, 1972, in the block of 104th and Aurora, the defendant was accompan[y]ing Michael Berg, who was hitchhiking.

Finding of fact No. 1.

That Michael Berg was attempting to solicit a ride for the defendant and for himself, and that the defendant, Jack Kerens was permitting, consenting and aiding and abetting this solicitation of a ride.

Finding of fact No. 2.

That Officer King and Officer Fitzgerald stopped the defendant, Jack Kerens, and Michael Berg, for hitchhiking.

Finding of fact No. 3.

Our review of the record furnishes ample support for these findings. Appellant nevertheless argues that the police had no probable cause to believe that he had committed an illegal act and therefore the action of the police in detaining him while running a warrants check was unlawful. He argues that just because he was walking adjacent to or alongside one who was hitchhiking does not make him a hitchhiker, when he did nothing but walk down the street. Specifically, he contends that the aiding and abetting statute, RCW 9.01.030, as construed in *State v. Peasley,* 80 Wash. 99, 141 P. 316 (1914), requires something more than mere assent to an act before one can be charged as an aider or abettor. The court, in *Peasley,* stated at page 100:

> Each of the words used in this statute upon which a criminal charge can be predicated signifies some form of overt act; the doing or saying of something that either directly or indirectly contributes to the criminal act; some form of demonstration that expresses affirmative action, and not mere approval or acquiescence, which is all that is implied in assent.

*See also State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967); *State v. Kelly,* 46 Wn.2d 594, 283 P.2d 684 (1955); *State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971); *State v. Slater,* 3 Wn. App. 615, 476 P.2d 719 (1970); *State v. Palmer,* 1 Wn. App. 152, 459 P.2d 812 (1969). Appellant suggests that his actions in walking along the sidewalk with his companion who was admittedly hitchhiking were entirely consistent with innocent behavior because he committed no overt act, as distinguished from mere-approval or acquiescence.

In response to the foregoing, the state directs us to another aiding and abetting statute, RCW 46.64.048, which

relates only to acts declared by the Motor Vehicle Code to be a crime and states in part:

every person who falsely, fraudulently, forcefully, or wilfully induces, causes, coerces, requires, permits or directs others to violate any provisions of this title is likewise guilty of such offense.

The state contends that the trial court specifically found as a fact that appellant Kerens "was permitting, consenting and aiding and abetting this solicitation of a ride" (Finding of fact No. 2) and inasmuch as such finding is supported by substantial evidence, it must be accepted as a verity for purposes of this appeal, and hence Kerens' conduct was clearly proscribed by the statute.

Under the factual situation presented in this case, we need not decide whether, as the state suggests, RCW 46.64.048 supersedes the general aiding and abetting statute, RCW 9.01.030, or whether, as appellant argues, it is unconstitutional. A close examination of the record and of the trial court's findings of fact as explained by his oral ruling, convinces us that the police officers were justified in believing that the appellant was overtly engaged in a joint effort with Berg to solicit a ride. It is common knowledge that one may solicit a ride without using the thumb. He may call out to passing motorists, hold a sign, walk backwards, or use other more imaginative methods—amounting to what is commonly referred to as "body language"—to convey to a passing motorist the request for a ride.

Even though there is no specific testimony in the record that Kerens used any of these suggested methods of solicitation, he did admit to the officers that he knew Berg and was with him, prior to being asked to produce his identification. This information confirmed the officers' assumption that he was accompanying Berg. Such knowledge, coupled with the police officers' observation of Kerens walking side by side, 2 or 3 feet from Berg, in the manner described by Officer Fitzgerald, is sufficient to support the trial court's finding that there was probable cause for the police to believe that appellant was aiding and abetting Berg in the

solicitation of a ride. Appellant admittedly was not a passerby casually watching the commission of a crime. His conduct amounted to more than mere acquiescence or assent to Berg's conduct which was in violation of the criminal law in effect in April, 1972.

Because the police had probable cause to believe that Kerens had committed a misdemeanor in their presence or had aided and abetted another in the commission of a crime, they acted properly in approaching and stopping Kerens. Under the circumstances present here, the procedure utilized by the police in detaining Kerens for a verbal warning in lieu of charging him for a violation of a relatively minor crime, while at the same time running a warrants check, was not unreasonable. Substantial evidence supports the trial court's finding that no more than 5 minutes elapsed while the warrants check was run, and it is apparent that the interference with the appellant's privacy was minimal.

Appellant next argues and claims it was error for the trial court to permit the state to ask the appellant where he intended to go prior to his arrest, and thereby ascertain his intention. The evidence of intention was irrelevant, appellant asserts, because the officers had no knowledge of his intention to go to some specific place when they observed him and Berg walking south from 105th and Aurora, and so such evidence is irrelevant. As appellant points out, the question of probable cause must be determined on the basis of the police officers' personal knowledge at the time of making the arrest, and information subsequently acquired cannot be utilized to justify or support a finding of probable cause. *See Tacoma v. Harris,* 73 Wn.2d 123, 436 P.2d 770 (1968); *Sennett v. Zimmerman,* 50 Wn.2d 649, 314 P.2d 414 (1957). We find no indication that the trial judge placed any reliance on any statement by the appellant as to his planned destination in reaching his conclusion that the detention of the appellant was legal. Moreover, the prosecution's questions properly were allowed on cross-examination to impeach the appellant's claim that he was just "looking

in the furniture store window" and was not participating in any effort to seek a ride. In short, the questioning was relevant to the witness' credibility and was properly admitted for such purpose.

Finally, appellant makes a general assignment of error to two of the trial court's findings of fact and all of its conclusions of law except that relating to jurisdiction. The claim of error is without merit. As previously indicated, the findings are supported by substantial evidence, and the conclusions of law are proper. Further, no authority is cited in support of this assignment of error, and it does not appear meritorious on its face, and therefore it need not be considered.

Judgment affirmed.

HOROWITZ and WILLIAMS, JJ., concur.

Petition for rehearing denied September 18, 1973.

Review denied by Supreme Court November 20, 1973.